UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SAMUEL D. HOFFMEYER, | ) | Case No. 1:10 CV 2588 |
| | ) | |
| Plaintiff | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| KELLY ROSE, *et al.*, | ) | <u>MEMORANDUM OF OPINION</u> |
| | ) | <u>AND ORDER</u> |
| Defendants | ) | |

*Pro se* Plaintiff Samuel D. Hoffmeyer filed this action under 42 U.S.C. § 1983 against Richland Correctional Institution ("RCI") Institutional Inspector Kelly Rose, and Ohio Department of Rehabilitation and Correction ("ODRC") Chief Inspector Gary Croft. In the Complaint, Mr. Hoffmeyer alleges he was placed on grievance restriction in violation of his First and Fourteenth Amendment rights. He seeks an Order preventing future grievance restrictions and mandating that he be given additional medical testing and treatment.

**Background**

Mr. Hoffmeyer claims he has suffered from symptoms of a medical problem since 2007.[1]

---

[1] This case stems from events that were the subject of another action filed in this Court. *See Hoffmeyer v. Collins*, No. 1:09 CV 2578 (N.D. Ohio April 12, 2010)(Nugent, J.). The Court refers to the facts of that case only to provide a context for the allegations and claims of this

*See Hoffmeyer v. Collins*, No. 1:09 CV 2578 (N.D. Ohio April 12, 2010)(Nugent, J.) Upon his arrival at RCI on January 23, 2009, he immediately sought medical attention for chest pain and the taste of blood in his saliva. RCI personnel were unable to confirm the symptoms or diagnose their cause. He complained again of severe abdominal pain, chest pain, and the taste of blood in his saliva on February 4, 2009. He told medical workers he thought he had swallowed a sharp object 2 years earlier at the Lorain Correctional Institution, and the object remained in his body, continuing to cause damage. *Id.* Mr. Hoffmeyer's symptoms were monitored closely in the infirmary. He has received numerous tests and complete physical examinations, including an EKG and blood work. *Id.* All tests have been negative. There was no evidence of a heart attack or a foreign object in Mr. Hoffmeyer's body. *Id.*

Mr. Hoffmeyer disagreed with the conclusions of the RCI medical staff. From February 5, 2009 to June 24, 2009, he filed 70 Informal Complaint Resolution forms and 40 Grievances to contest his medical care. He was advised by the Ohio Attorney General to cease this behavior, but he continued to file grievances. Finally, on June 29, 2009, the ODRC placed Mr. Hoffmeyer on a 90 day grievance restriction. While the restriction is in place, he must first send a kite to the institutional inspector's office briefly explaining his issue. If it is considered to be a new issue that has not been addressed, he will be provided with an Informal Complaint Resolution form. The Inspector will note on the form the name of the individual to whom it should go, and the issue it should cover. The person responding to the grievance is instructed to answer only the approved issue. Mr. Hoffmeyer was told he could continue to send kites to the medical department to address his medical concerns, unless he started to abuse that process. He was instructed to communicate true

---

pleading. It does not play a substantive role in this Memorandum of Opinion and Order.

emergencies to his unit staff who could expedite the resolution process. He was told he could also continue to request Notification of Grievance forms from the Chief Inspector, but those grievances must be submitted directly to the Chief Inspector. He is limited to two Notification of Grievance forms per month during the restriction. The need for the restriction will be reviewed at the conclusion of 90 days. The document was signed by the RCI Institutional Inspector, Kelly Rose and the ODRC Chief Inspector Gary Croft.

Mr. Hoffmeyer claims the restriction violates his constitutional rights. He contends he was denied due process in violation of the Fourteenth Amendment. He further claims the restriction denied him the ability to petition the government for redress and access to the courts in violation of the First Amendment. He seeks an order lifting the restriction and mandating additional medical testing and treatment. In addition, he requests $500,000.00 in damages.

## Analysis

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to

---

[2] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

§1915(e).

Mr. Hoffmeyer first claims he was denied due process by the imposition of the restriction. This claim is without merit. There is no constitutionally protected due process right to unfettered access to prison grievance procedures. *Walker v. Michigan Dept. of Corrections*, No. 04-1347, 2005 WL 742743, at *2 (6th Cir. April 1, 2005). Prison officials may place reasonable limits on a prisoner's access to the grievance process. *Id.*

Mr. Hoffmeyer next claims that his placement on modified grievance status limited his access to the state-created grievance procedures, in violation of his First Amendment right to petition for redress. Prisoners have a First Amendment right to file grievances against prison officials. *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir.2000). If the grievances are frivolous, however, they are not constitutionally protected. *Id.*; *Hill v. Lappin*, 630 F.3d 468, 472 (6th Cir. 2010). Placement on modified access status does not impinge upon a prisoner's ability to file meritorious grievances in prison. The fact that Mr. Hoffmeyer's grievances must first be screened for redundance by a grievance officer prior to their consideration in the normal grievance process does not mean that he is unable to file non-frivolous grievances, nor that they will not be properly heard. *Id.* His First Amendment rights with regard to access to the prison grievance procedures have not been violated.

Mr. Hoffmeyer also fails to state a claim for denial of access to the courts. To set forth a viable cause of action under the First Amendment, Mr. Hoffmeyer must demonstrate he suffered actual injury as a result of this sanction. *Id.* The injury requirement is not satisfied by just any type of frustrated legal claim. *Id.* A prison official may be held liable for the deprivation of this First Amendment right only to the extent that his or her actions prevented the prisoner from pursuing or

4

caused the rejection of specific non-frivolous direct appeals, habeas corpus applications, or civil rights actions. *Id.*; *Hadix v. Johnson*, 182 F.3d 400, 405 (6th Cir. 1999). "Impairment of any other litigating capacity is simply one of the incidental, and perfectly constitutional, consequences of conviction and incarceration." *Id.* at 355. Mr. Hoffmeyer does not allege he was unable to file a case in federal court as a result of the grievance restriction. In fact, he filed *Hoffmeyer v. Collins*, No. 1:09 CV 2578 (N.D. Ohio April 12, 2010)(Nugent, J.) on November 4, 2009, to contest the medical decisions which were the subject of his repetitive grievances. That case was dismissed on the merits. Absent a specific allegation that he was prevented from pursuing a non-frivolous claim as a result of the grievance restriction, he has not stated a claim for denial of access to the courts.

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

IT IS SO ORDERED.

/S/*SOLOMON OLIVER, JR.*
CHIEF JUDGE
UNITED STATES DISTRICT COURT

March 4, 2011

---

[3] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.

5